1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR10-384 MJP |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| ANDRES RENE RODRIGUEZ, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to dismiss Count Six of the Indictment as being unconstitutionally vague. (Dkt. No. 23.) Having reviewed the motion, the opposition (Dkt. No. 30), and all related papers, the Court DENIES the motion.

**Background**

Among other drug-related charges, Defendant is charged with maintaining drug-involved premises in violation of 21 U.S.C. § 856(a)(1). (Dkt. No. 1 (Complaint); Dkt. No. 26 (Superseding Indictment).) Defendant resides in Seattle, Washington, where he lives in a converted garage. In its response to the motion to dismiss, the government refers to a cooperating source, who claims to have made purchases of drugs at Defendant's residence. (Dkt.

No. 30 at 2.) The source also claims to have seen baggies of drugs inside the garage. (Id.) A second witness, J.R., told the government that she believed Defendant sold drugs from his residence in the garage. (Id. at 2-3.) J.R. dated Defendant for an undefined period of time. The government made three controlled buys of Oxycodone from Defendant, none of which occurred at his residence. (Id. at 3.) In a search of his Defendant's residence, the government found Oxycodone tablets, two baggies of cocaine, and a loaded .40 caliber semi-automatic pistol next to the baggies of cocaine. (Id.)

**Analysis**

Defendant argues that 21 U.S.C. § 856(a)(1) is unconstitutionally vague. The Court disagrees.

Section 856(a)(1) makes it unlawful to: "knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance." 21 U.S.C. § 856(a)(1). Defendant challenges the phrase "for the purpose of" as being unconstitutionally vague.

The void for vagueness doctrine requires "that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). Vague laws raise constitutional concerns because "(1) they do not give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly; and (2) they encourage arbitrary and discriminatory enforcement by not providing explicit standards for policemen, judges, and juries." United States v. Jae Gab Kim, 449 F.3d 933, 941-42 (9th Cir. 2006) (citations and internal quotations omitted); see also Papachristou v. City of Jacksonville, 405 U.S. 156, 162 (1972)

1  When a statute does not implicate the exercise of First Amendment rights, a vagueness
2 challenge "must be examined in light of the facts of the case at hand." United States v. Mazurie,
3 419 U.S. 544, 550 (1975); see also United States v. Ocegueda, 564 F.2d 1363, 1365 (9th Cir.
4 1977). To survive a void for vagueness challenge, the statute must "(1) define the offense with
5 sufficient definiteness that ordinary people can understand what conduct is prohibited; and (2)
6 establish standards to permit police to enforce the law in a non-arbitrary, non-discriminatory
7 manner." United States v. Sutcliffe, 505 F.3d 944, 953 (9th Cir. 2007). The court starts with the
8 presumption, however, that the statute is constitutional. Id.

9  The Ninth Circuit has not determined whether § 856(a)(1) is unconstitutionally vague and
10 Defendant has not identified a court that has found it to be unconstitutional. Three courts have
11 examined the question, and all three found it constitutional. See United States v. Lancaster, 968
12 F.2d 1250, 1253-54 (D.C. Cir. 1992); United States v. Clavis, 956 F.2d 1079, 1094 (11th Cir.
13 1992); United State v. Milani, 739 F. Supp. 2d 216, 217-28 (S.D.N.Y. 1990). The reasoning of
14 those cases is sound. For example, in Lancaster, the court examined a claim that the statute
15 would criminalize simple possession and personal consumption of drugs at one's residence. 968
16 F.2d at 1253. The court explained that "[t]he 'casual' drug user does not run afoul of this
17 prohibition because he does not maintain his house for the purpose of using drugs but rather for
18 the purpose of residence, the consumption of drugs therein being merely incidental to that
19 purpose." Id.

20  Defendant makes a similar argument that the statute is too vague because it permits
21 simple possession of drugs at one's residence to expose the person to liability under 21 U.S.C. §
22 856(a)(1). As the court in Lancaster explained, the renting of the garage must still be "for the
23 purpose of manufacturing, distributing, [or] using any controlled substance." 968 F.2d at 1253.
24

Thus, simple possession without evidence as to Defendant's knowing purpose of renting the garage does not necessarily open Defendant to criminal liability under 21 U.S.C. § 856(a)(1). Whether the government can prove that Defendant knowingly rented the garage for the purpose of distributing or using drugs is an issue for trial. This question of fact does not show any vagueness in the statute itself. The statute defines the conduct with sufficient detail to permit Defendant to know what conduct is prohibited and to guide the enforcement of the law in an orderly manner.

Perhaps Defendant's strongest argument as to vagueness is the fact that the Circuit Courts have defined "for the purpose of" differently. While this shows a dispute about interpretation, it does not show that the statute is unconstitutionally vague. See <u>Sutcliffe</u>, 505 F.3d at 953. The Court will resolve the question of how to instruct the jury on this element of the crime in working up the jury instructions with the parties.

**Conclusion**

The statute is not unconstitutionally vague. It defines the prohibited conduct with sufficient detail to permit ordinary people to understand what conduct is prohibited. The Court DENIES the motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 15th day of February, 2011.

Marsha J. Pechman
United States District Judge